Edward S. Conway, J.
This is a motion hy the plaintiff for an order enjoining the defendants, pending a trial of the action for a permanent injunction, from selling, leasing, erecting or completing the erection of any building upon any residential lot on the property known as “ Oak Hills Subdivision ” located in the Town of Milton, Saratoga County, until a subdivision plan is approved by the New York State Department of Health.
The New York State Department of Health approved a subdivision plan with respect to the real property involved in the complaint herein known as “ Oak Hills Subdivision” pursuant to section 1116 of the Public Health Law and section 17-1505 of the Environmental Conservation Law. Subsequently, on April 14, 1973, Berwyn P. Mattison, the District Health Officer of the dens Falls District Office of the New York State Department of 'Health, revoked the previously granted approval of the plan without a hearing or notice to the defendants. Copies of a supplemental letter of revocation were served on defendants and subsequently mailed to them.
The plaintiff, in his moving affidavits, alleges that defendants after notice of the revocation have erected, offered for sale, rented and leased one-family homes upon the lots located in the subdivision, which is in violation of section 1116 of the *138 Public Health Law and section 17-1505 of the Environmental Conservation Law, which section prohibits such activity until a plan or maps of the subdivision are filed with and approved by the Department of Health and environmental control and filed in the County Clerk’s oEee. Plaintiff further contends that defendants’ failure and refusal to cease their building, selling and leasing activities constitutes a danger to the public health and welfare of prospective purchasers, neighboring property owners and the People of the 'State of New York.
The defendants contend that because the revocation was without notice to them or without opportunity for a hearing it violated the due process requirements of the State and Federal Constitutions. The court agrees with the contentions of the defendants.
Where the charges authorized the imposition by the Commissioner of penal sanctions, the accused was entitled to a hearing conducted with proper adherence to due process requirements. (Matter of Erdman, v. Ingraham, 28 A D 2d 5, 8.) There is a provision in the statute for the safeguards of a formal hearing in these cases. (Public Health Law, § 12-a; Matter of Erdman v. Ingraham, supra.) In the opinion of this court the revocation of the approval of the subdivision plan without notice and a hearing constituted a taking of a property right without due process of law which violates the State and Federal Constitutions. Procedural due process mandates notice, an opportunity to be heard, and the right to cross-examine witnesses and controvert adverse evidence. (See Public Health Law, § 12-a, subd. 6; Matter of Hecht v. Monaghan, 307 N. Y. 461.)
It is the further opinion of this court that once a subdivision plan is approved pursuant to the Public Health Law and Environmental Conservation Law, if it can be revoked at all, and this court finds no statutory provision for such a procedure, it cannot be revoked by a district health oEcer without a hearing being afforded to the defendants.
This court will take judicial notice that there are other adequate protective provisions for the public health provide^ for by the Public Health Law and related statutes.
Therefore, the motion of the plaintiff for a preliminary injunction is denied.